UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GAVIN SYLVE**                                                              **CIVIL ACTION**

**VERSUS**                                                                   **NO. 18-4581**

**CHARLES LAMBERT, ET. AL.**                                                 **SECTION: "B"(1)**

ORDER AND REASONS

Before the Court are plaintiff Gavin Sylve's Motion to Remand (Rec. Doc. 24), defendants Charles Lambert, C & S Canopy, Inc., and FCCI Insurance Group's ("defendants") Response in Opposition (Rec. Doc. 28), plaintiff's Reply (Rec. Doc. 37), and defendants' Sur-Reply (Rec. Doc. 39). Accordingly,

**IT IS ORDERED** that the motion to remand is **GRANTED**, and this action is **REMANDED** back to the Civil District Court for the Parish of Orleans for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

The instant controversy arises out of a multiple automobile collision between plaintiff, defendant Charles Lambert, and recently joined defendant Lori Lott. *See* Rec. Doc. 24-1 at 1.

On March 2, 2018, plaintiff filed suit against defendants in the Civil District Court for the Parish of Orleans, State of Louisiana. *See* Rec. Doc. 24 at 1. On May 2, 2018, defendants filed a notice of removal in this Court asserting diversity jurisdiction. *See id*. at 3. On May 9, 2018, defendants filed their answer asserting third-party fault as an affirmative defense. *See id*. On

1

July 19, 2018, plaintiff sought leave to amend his Complaint to join Lott and her insurer, State Farm Automobile Insurance Company, as defendants. *See id*. Specifcally, plaintiff sought to add the following allegation: "Alternatively, prior to being struck by Charles Lambert, Linda Lott struck the rear of [Plaintiff's] vehicle." *Id*. Defendants objected to the proposed amendment. *See id*. at 2. On August 16, 2018, Magistrate Judge Janis van Meerveld granted plaintiff's Motion to Amend and permitted joinder of Lott and her insurer. *See id*. at 3.

On September 13, 2018, plaintiff filed a motion to remand, seeking to remand his lawsuit because Lott and her insurer, having Louisiana citizenship, destroy diversity. *See id*. at 4. On October 12, 2018, defendants filed a response in opposition alleging that plaintiff is unable to establish a cause of action against Lott and therefore Lott was improperly joined. *See* Rec. Doc. 28. On October 22, 2018, plaintiff replied. *See* Rec. Doc. 37. On October 23, 2018, defendants sur-replied. *See* Rec. Doc. 39.

**LAW AND ANALYSIS**

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)(citing 28 U.S.C. § 1441(a)).

> The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (per curiam); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

*Id.* "When original federal jurisdiction is based on diversity, however, a defendant may remove only 'if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action as brought.'" *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007)(citing 28 U.S.C. § 1441(b)). Where such a party is joined, the removing party may nevertheless seek to remove on the basis of diversity jurisdiction by demonstrating that the non-diverse party was improperly joined.

"To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Gasch*, 419 F.3d at 281 (internal quotation marks and citations omitted). Under the latter, the threshold

3

question is "whether there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. The burden of proof is on the removing party." *Id.* Courts resolve "all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.*

This is known as the "fraudulent joinder" doctrine. *See Cobbs v. Delta Exports. Inc.*, 186 F.3d 675, 677 (5th Cir. 1999). "The fraudulent joinder doctrine does not apply to joinders that occur after an action is removed. [The Fifth Circuit's] caselaw reflects that the doctrine has permitted courts to ignore . . . only those non-diverse parties *on the record in state court at the time of removal*." *Id.* (emphasis in original). "The doctrine simply does not apply to defendants who are joined after an action is removed, for in such cases, the defendants have a chance to argue against joinder before the court grants leave to amend." *Id.* at 678.

Defendants argue diversity jurisdiction should be maintained because plaintiff is unable to articulate how Lott, whose vehicle was hit from behind after making an alleged safe and complete stop, acted negligently to cause plaintiff's injuries. *See* Rec. Doc. 28 at 5. Defendants ask for a summary judgment-like procedure to dispose of defendants' fraudulent joinder claims. *See id.* at 4. Defendants argue undisputed affidavits and plaintiff's deposition testimony show that Lott has no potential liability.

4

*See id*. at 3, 5-6; Rec. Doc. 39 at 3.[1] Defendants belatedly offer to stipulate that defendants will not allege or assert that Lott is liable in any way. *See* Rec. Doc. 39 at 2. However, as it did before the Magistrate Judge, defendant has not effectively waived its defense of liability or fault against Lott. *See* Rec. Doc. 20 at 4-5. We decline the invitation to negotiate a ruling based on conditional offers and nonexistence facts.

In this case, remand is proper. Plaintiff sought leave to amend his complaint to join Lott and her insurer as defendants <u>after</u> the lawsuit was removed to this Court. *See* Rec. Doc. 11. Defendants were given a chance to argue against joinder of Lott and her insurer. *See* Rec. Doc. 13. The Magistrate Judge permitted plaintiff to join Lott and her insurer as defendants after finding that such joinder was not fraudulent or improper because plaintiff's demonstrated purpose of joinder was not to destroy diversity. *See* Rec. Doc. 20 at 5. Therefore, even with plaintiff's deposition testimony, remand is proper. *See Cobbs*, 186 F.3d at 677 (stating that once a district court grants a motion for leave to amend and permits joinder of non-diverse defendants, the court loses subject matter jurisdiction and therefore has no power to even consider whether fraudulent joinder applies); *see also*

---

[1] That testimony refers to an unexplained "understanding" of the sequence of the sued upon multi-car collision. *See* Rec. Doc. 34-3 at 2-3. Further, defendant has not withdrawn its fault allegations or reconciled that allegation with its assertion here of fraudulent joinder.

*Cheatham v. Universal Mar. Servs. Corp.*, 2004 U.S. Dist. LEXIS 1931 *1, *4 (E.D. La. 2004).

New Orleans, Louisiana this 20th day of June, 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE